IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| PRS INSURANCE GROUP, INC., *et al.*, | ) | |
| | ) | Case No. 00-4070 (MPW) |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| SEAN LOGAN, Trustee for PRS INSURANCE | ) | |
| GROUP, INC. and PRS ENTERPRISES, INC., | ) | CA No. 04-947 (SLR) |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| CERTIFIED SYSTEMS, INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## NOTICE OF DISMISSAL WITH PREJUDICE

PLEASE TAKE NOTICE that, pursuant to Fed. R. Bankr. P. 7041, Fed. R. Civ. P. 41(a)(1), and

the Settlement Agreement approved by Judge Mary F. Walrath on February 16, 2005, a copy of which is

attached hereto, Plaintiff hereby dismisses the above-captioned proceeding with prejudice.

Dated:  March 10, 2005
         Wilmington, Delaware       YOUNG CONAWAY STARGATT & TAYLOR, LLP

                                    _____
                                    Maureen D. Luke (No. 3062)
                                    Edward J. Kosmowski (No. 3849)
                                    The Brandywine Building, 17th Floor
                                    1000 West Street, P.O. Box 391
                                    Wilmington, DE 19801-0391
                                    Telephone: (302) 571-6600

                                    OF COUNSEL:

                                    BINGHAM McCUTCHEN LLP
                                    Harold S. Horwich, Esq.
                                    One State Street
                                    Hartford, CT 06103-3178
                                    Telephone: (617) 951-5000

                                    *Counsel to Sean C. Logan, et al.*

## CERTIFICATE OF SERVICE

I hereby certify that on **March 10, 2005,** I electronically filed a true and correct copy of

**Notice of Dismissal With Prejudice** with the Clerk of the Court using CM/ECF, which will

send notification that such filing is available for viewing and downloading to the following

counsel of record:

Carl N. Kunz, III, Esq.               US Trustee
Morris, James, Hitchens & Williams LLP     Office of the US Trustee
222 Delaware Avenue, 10th Floor        844 King Street, Suite 2313
P.O. Box 2306                         Lock Box 35
Wilmington, DE 19899                  Wilmington, DE 19801
(Co-counsel for Certified Systems, Inc.)


I further certify that on March 10, 2005,  I caused a copy of **Notice of Dismissal With**

**Prejudice** to be served by hand-delivery on the following counsel of record:


Carl N. Kunz, III, Esq.               US Trustee
Morris, James, Hitchens & Williams LLP     Office of the US Trustee
222 Delaware Avenue, 10th Floor        844 King Street, Suite 2313
P.O. Box 2306                         Lock Box 35
Wilmington, DE 19899                  Wilmington, DE 19801
(Co-counsel for Certified Systems, Inc.)

I further certify that on **March 10, 2005,** I served a copy of **Notice of Dismissal With**

**Prejudice** on the following non-registered participants in the manner indicated below:

BY FEDERAL EXPRESS:
David H. Levitt, Esq.
Hinshaw & Culbertson
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Co-counsel for Certified Systems

Maureen D. Luke (No. 3062)
Edward J. Kosmowski (No. 3849)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6681
mluke@ycst.com
ekosmowski@ycst.com
bank@ycst.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PRS INSURANCE GROUP, INC., et al. | : | Case No. 00-4070 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Ref No.: _772_ |

## ORDER APPROVING SETTLEMENT
## WITH CERTIFIED SYSTEMS, INC.

Upon consideration of the Motion (the "Motion") of the Trustee and

Debtor Subsidiaries, Pursuant to Bankruptcy Rule 9019, for Approval of Settlement with

Certified Systems, Inc.; and due and sufficient notice of the Motion having been

provided; and no other notice being necessary or required; and good cause appearing

therefor; it is hereby

ORDERED, that the Settlement Agreement (as defined in the Motion) is

APPROVED; and it is further

ORDERED, that this Court shall retain jurisdiction over any matters

related to or arising from the implementation of this Order.

Dated: Wilmington, Delaware
February \16_ , 2005

_____
Mary F. Walrath
Chief United States Bankruptcy Judge

779

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRS INSURANCE GROUP, INC., et al., | ) | Case No. 00-4070 (MFW) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Objection Deadline: February 10, 2005 at 4:00 p.m. (ET)** |
| | ) | **Hearing Date: February 17, 2005 at 10:30 a.m. (ET)** |

## NOTICE OF MOTION

TO:     Certified Systems, Inc., the Office of the United States Trustee and all parties requesting
notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure

        Sean C. Logan, chapter 11 trustee (the "Trustee") for PRS Insurance Group, Inc.,
and the Debtor Subsidiaries of PRS Insurance Group, Inc. have filed the attached **Motion of
Trustee and Debtor Subsidiaries, Pursuant to Bankruptcy Rule 9019, For Approval of
Settlement With Certified Systems, Inc.** (the "Motion").

        Responses to the Motion, if any, are to be in writing and filed on or before
**February 10, 2005 at 4:00 p.m. (ET)** with the United States Bankruptcy Court for the District
of Delaware, 5th Floor, 824 Market Street, Wilmington, Delaware 19801.

        At the same time, you must also file and serve a copy of the response upon the
undersigned counsel to the Trustee and the Debtor Subsidiaries so that the response is received
on or before **February 10, 2005 at 4:00 p.m. (ET)**

        IF AN OBJECTION IS TIMELY FILED, A HEARING ON THE MOTION
WILL BE HELD ON **FEBRUARY 17, 2005 AT 10:30 A.M. (ET)** BEFORE THE
HONORABLE MARY F. WALRATH, UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF DELAWARE, 5TH FLOOR, 824 MARKET STREET, WILMINGTON,
DELAWARE 19801. ONLY PARTIES WHO HAVE FILED A TIMELY OBJECTION WILL
BE HEARD AT THE HEARING

IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF DEMANDED BY THE MOTION WITHOUT FURTHER NOTICE OR HEARING.

Dated: Wilmington, Delaware
      January 28, 2005

              YOUNG CONAWAY STARGATT & TAYLOR, LLP

              James L. Patton, Jr (No. 2202)
              Maureen D. Luke (No. 3062)
              Edward J. Kosmowski (No. 3849)
              The Brandywine Building
              1000 West Street, 17th Floor
              P.O. Box 391
              Wilmington, Delaware 19899-0391
              Telephone: (302) 571-6600
              Facsimile: (302) 571-1253

                    - and -

              BINGHAM McCUTCHEN LLP

              Harold S. Horwich
              One State Street
              Hartford, CT 06103
              Telephone: (860) 240-2700
              Facsimile: (860) 240-2800

              Daniel S. Savrin, Esquire
              150 Federal Street
              Boston, MA 02110
              Telephone: (617) 951-8674
              Facsimile: (617) 951-8736

              Co-counsel for the Trustee and Debtor Subsidiaries

                            058421 1001

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | : | |
| In re: | : | Chapter 11 |
| | : | |
| PRS INSURANCE GROUP, INC., et al. | : | Case No. 00-4070 (MFW) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | **Objection Deadline: February 10, 2005, 4:00 p.m. (ET)** |
| | : | **Hearing Date: February 17, 2005, at 10:30 a.m. (ET)** |

**MOTION OF TRUSTEE AND DEBTOR SUBSIDIARIES,**
**PURSUANT TO BANKRUPTCY RULE 9019,**
**FOR APPROVAL OF SETTLEMENT WITH CERTIFIED SYSTEMS, INC.**

Sean C. Logan, chapter 11 trustee (the "Trustee") for PRS Insurance Group, Inc.,

and its debtor in possession subsidiaries (the "Debtor Subsidiaries"[1] and collectively with PRS

Insurance Group, Inc., the "Debtors" or "PRS"), hereby seek, pursuant to Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approval of the settlement

agreement, attached hereto as Exhibit A (the "Settlement Agreement"), between the Trustee, in

his capacity as Trustee of PRS Insurance Group, Inc. and in his capacity as Chief Executive

Officer of the Debtor Subsidiaries and Certified Systems, Inc. ("CSI," and together with the

Trustee, the "Parties" or individually, a "Party") dated January __, 2005 (the "Motion")  In

support of this Motion, the Trustee and the Debtor Subsidiaries, by and through their attorneys,

respectfully represent as follows:

---

[1] The Debtor Subsidiaries are PRS Guaranty Insurance Ltd., PRS Insurance Holdings (Barbados) Ltd., PRS
Enterprise Insurance Services, Inc., Enterprise Insurance Co. Ltd., Brookwell Insurance Co. Ltd., PRS Management
Group, Inc., PRS Surety Bond Agency, Inc., PRS Captive Investment Fund, Limited, PRS Benefits Services, Inc.,
PRS Enterprises, Inc. d/b/a PRS Insurance Services, and PRS Management Services, Inc.

## JURISDICTION

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicate for the relief requested herein is Bankruptcy Rule 9019.

## BACKGROUND

### A.    Commencement of Cases and Appointment of Trustee

2.     Firstar Bank, N.A. ("Firstar") filed an involuntary chapter 7 petition (the "Involuntary Petition") against PRS Insurance Group, Inc. in the United States Bankruptcy Court for the District of Delaware (the "Court") on October 31, 2000 (the "Bankruptcy Case"). On December 18, 2000 and January 17, 2001 respectively, Allstate Life Insurance company ("Allstate") and Moresource, Inc. ("Moresource," together with Firstar and Allstate, the "Petitioning Creditors") filed motions to join in the Involuntary Petition pursuant to section 303(c) of the United States Bankruptcy Code (the "Bankruptcy Code").

3.     Pursuant to a stipulation among PRS Insurance Group, Inc., Firstar, Allstate and Moresource, PRS Insurance Group, Inc. agreed to the entry of an order for relief and converted its involuntary chapter 7 case to a voluntary chapter 11 case on January 19, 2001.

4.     On February 23, 2001, this Court entered an Order granting Allstate's Amended Motion for Appointment of Trustee.

5.     On April 17, 2001, following a request by certain of the Petitioning Creditors, Sean C. Logan, Esquire was nominated and elected to serve as the chapter 11 trustee. This Court entered an Order approving Mr. Logan's election on June 1, 2001.

6.     Following his election, the Trustee pursued the investigation and protection of the assets of the bankruptcy estate. Those assets consist, in large part, of claims or

2

causes of action against third parties that might have expired if bankruptcy proceedings had not

been promptly commenced for the Debtor Subsidiaries. Thus, on June 8, 2001 (the "Petition

Date"), chapter 11 bankruptcy proceedings were commenced on behalf of the Debtor

Subsidiaries

       7.     This Court subsequently entered an Order approving the joint

administration of all of the Debtors' cases.

    **B.**    **CSI's Claim**

       8.     On or about April 23, 2002, CSI filed a proof of claim in the Bankruptcy

Case, which has been assigned proof of claim number 41 ("Claim No. 41"). Claim No. 41 is

asserted in the amount of $50,000,000.00 and is based on claims alleged by CSI in an action

previously filed in the United States District Court for the Northern District of Texas entitled

*Certified Systems, Inc. v. PRS Insurance Group, Inc.; PRS Enterprises, Inc.; Credit General*

*Indemnity Company, Reliance National Insurance Company; United Pacific Insurance*

*Company, and Reliance National Risk Specialists, a Division of Reliance Insurance Company,*

Civil Action No. 300-CV1418-P (the "Texas Lawsuit"). The Texas Lawsuit was dismissed,

without prejudice, by Order of the United States District Court for the Northern District of Texas

on May 3, 2002.

       9.     On April 23, 2002, CSI filed additional proofs of claim in the PRS Cases,

which have been assigned proof of claim numbers 40, 42, and 43 ("Claim No. 40," "Claim No.

42," and "Claim No. 43," respectively) (collectively, with Claim No. 41 and any other proofs of

claim that may have been filed by CSI, the "Claims");

      10.    On June 6, 2003, the Debtors filed an adversary proceeding entitled *Sean*

*C. Logan, Trustee for PRS Insurance Group, Inc. and PRS Enterprises, Inc. v. Certified Systems,*

*Inc.*, Adversary Proceeding No. 003-53768, wherein the Debtors asserted various claims seeking

3

equitable relief (the "Adversary Proceeding"). On September 9, 2004, the United States District

Court for the District of Delaware issued an Order granting CSI's motion for Withdrawal of the

Reference and ordering that all further proceedings relative to the Adversary Proceeding be

conducted in the United States District Court for the District of Delaware, District Court Case

No 04-947(SLR) (collectively with the Adversary Proceeding, the "Delaware Lawsuit");

## RELIEF REQUESTED

11. By this Motion, the Trustee and the Debtor Subsidiaries request the entry

of an order approving the Settlement Agreement between CSI and the Trustee and the Debtor

Subsidiaries pursuant to Bankruptcy Rule 9019.

## SUMMARY OF SETTLEMENT

12. The pertinent terms and conditions of the Settlement Agreement, which

resolves the respective disputes and claims of CSI and the Debtors, including the Texas Lawsuit,

include the following:

a. The Settlement Agreement shall be binding upon CSI and the
Debtors on the first date (the "Effective Date") after entry of a final Court order approving the
Settlement Agreement The Settlement Agreement shall be null and void and of no effect if the
Court denies this Motion

b. Within ten (10) days after the Effective Date, the Parties shall file
notices of dismissal, with prejudice, of the Delaware Lawsuit and the Texas Lawsuit

c. As of the Effective Date, CSI shall have, on account of Claim No.
41, an allowed general unsecured claim against PRS Insurance Group, Inc. in the amount of
$18,200,000.00 (the "Allowed Claim"). The remainder of Claim No. 41 and the entire amount
asserted by CSI in all other Claims against the Debtors, including Claim No 40, Claim No 42
and Claim No 43, shall be disallowed The Allowed Claim shall be in full satisfaction of all
claims asserted against the Debtors in the Claims, the Texas Lawsuit and the Delaware Lawsuit
and all other claims of CSI against the Debtors whether now existing or hereafter arising. CSI
waives its right to seek reconsideration of the Claims or the Allowed Claim under section 502(j)
of the Bankruptcy Code.

d. Pursuant to the Settlement Agreement, $11,600,000.00 of CSI's
Allowed Claim shall be subordinated to the allowed claims of all other general unsecured

4

creditors in the Debtors' cases until such creditors shall have received distributions from the Debtors equal to twenty percent of the allowed amount of their claims

        e.      CSI shall consent to the substantive consolidation of one or more of the Debtors.

        f.      The Debtors shall assign to CSI any and all claims that the Debtors may have against Executive Risk Indemnity, Inc on insurance policies numbered 401-084762-97 and 401-148399-98 and any renewals or replacements thereof, with respect to matters that were or could have been the subject of the Texas Lawsuit and/or Delaware Lawsuit.

        g.      PRS shall disclaim any and all rights it may have in the Irrevocable Standby Letter of Credit number 00325851, issued by Bank One, N.A on December 6, 2001 or any renewals or replacements thereof

        h.      The Parties shall provide each other with mutual releases as set forth in the Settlement Agreement

        i.      By executing the Settlement Agreement, none of the Parties thereto admit liability as to any of the underlying claims in the Texas Lawsuit, the Delaware Lawsuit or the Claims.

## LEGAL BASIS FOR REQUESTED RELIEF

      13      Compromises are favored by bankruptcy courts. *See In re Sassalos*, 160 B.R. 646, 653 (D. Or. 1993) ("compromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove a compromise ..rests in the sound discretion of the judge ") Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that "on motion by the trustee and after a hearing, the Court may approve a compromise or settlement " The settlement of time-consuming and burdensome litigation, especially in the bankruptcy context, is encouraged. *In re Penn Cent. Transp. Co.*, 596 F.2d 1002, 1113 (3d Cir. 1979) ("in administering reorganization proceedings in an economical and practical manner, it will often be wise to arrange the settlement of claims as to which there are substantial and reasonable doubts"), quoting *In re Protective Comm for Indep Stockholders of TMT Ferry, Inc v Anderson*, 390 U.S. 414, 424 (1968)

14.    Moreover, approval of a proposed settlement is within the "sound discretion" of the Bankruptcy Court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986), cited with approval in *In re Martin*, 91 F.3d at 393. The Bankruptcy Court should not substitute its judgment for that of the debtor. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803. Thus, the Court is not to decide the numerous questions of law or fact raised by litigation, but rather should canvas the issues to see whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant and Co.*, 699 F.2d 599, 608 (2d Cir. 1983), cert. denied, 464 U.S. 22 (1983). In addition, "because the bankruptcy judge is unequally situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. at 803 (citation omitted); see also *In re Martin*, 91 F.3d at 393 (noting that the standard of review of bankruptcy settlements on appeal is abuse of discretion).

15.    In determining the fairness and equity of a compromise in bankruptcy, the Third Circuit has stated that it is important that the Bankruptcy Court "apprise[] itself of all facts necessary to form an intelligent and objective opinion of the probability of ultimate success should the claims be litigated, and estimate the complexity, expense and likely duration of such litigation, and other factors relevant to a full and fair assessment." *In re Penn Cent. Transp. Co.*, 596 F.2d 1127, 1146 (3d Cir. 1979). The District Court, as the intermediate bankruptcy appellate court, "has described the ultimate inquiry to be whether 'the compromise is fair, reasonable, and in the interest of the estate.'" *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (McKelvie, J.), quoting *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997) (Farnan, J.)

6

16      More recently, the Third Circuit has enumerated a four-factor test that should be employed in deciding whether a bankruptcy settlement should be approved or disapproved, namely "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors " *In re RFE Industries, Inc.*, 283 F.3d 159, 165 (3d Cir 2002), citing *Meyers v Martin (In re Martin)*, 91 F 3d 389 (3d Cir 1996)

17      The Trustee and the Debtor Subsidiaries believe that the compromises embodied in the Settlement Agreement are fair, reasonable and in the best interests of the Debtors, their estates and creditors. Moreover, the Trustee and the Debtor Subsidiaries submit that the Settlement Agreement satisfies the four-factor test enumerated by the Third Circuit in *Martin.* Litigating the claims asserted by CSI would be complex and costly, and the outcome is uncertain. If CSI were to prevail, the Trustee and the Debtor Subsidiaries would not only be precluded from recovering funds for the Debtors' estates but would have expended additional funds in litigation  Given the burdens, uncertainties and expense associated with the litigation of the complex disputes between CSI and the Debtors, the Settlement Agreement is fair and reasonable, represents a reasonable compromise and is in the best interests of the Debtors, their estates and their creditors

## NOTICE

18.      Notice of this Motion has been provided to: (i) CSI; (ii) the United States Trustee for the District of Delaware; and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002, in accordance with Del. Bankr. LR 2002-1(b)  In light of the nature of

the relief requested herein, the Trustee and the Debtor Subsidiaries submit that no other or

further notice is required.

19.    No previous motion for the relief sought herein has been made to this or

any other court.

WHEREFORE, the Trustee and the Debtor Subsidiaries respectfully request that

this Court enter an order (i) approving the Settlement Agreement and (ii) granting such other and

further relief as the Court deems appropriate.

Dated: January 18, 2005          YOUNG CONAWAY STARGATT & TAYLOR, LLP

James L. Patton, Jr. (No. 2202)
Maureen D. Luke (No. 3062)
Edward J. Kosmowski (No. 3849)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

- and -

BINGHAM McCUTCHEN LLP

Harold S. Horwich
One State Street
Hartford, CT 06103
Telephone: (860) 240-2700
Facsimile: (860) 240-2800

Daniel S. Savrin, Esquire
150 Federal Street
Boston, MA 02110
Telephone: (617) 951-8674
Facsimile: (617) 951-8736

Co-counsel for the Trustee and Debtor Subsidiaries

WP3:1078222 1                                          58421 1001

**Exhibit A**

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") is entered into as of December ___, 2004, between Sean C. Logan, in his capacity as Chapter 11 Trustee of PRS Insurance Group, Inc., and in his capacity as Chief Executive Officer and Debtor in Possession of the subsidiaries of PRS Insurance Group, Inc., which are jointly administered and include PRS Guaranty Insurance Ltd., PRS Insurance Holdings (Barbados) Ltd., PRS Enterprise Insurance Services, Inc., Enterprise Insurance Co. Ltd., Brookwell Insurance Co. Ltd., PRS Management Group, Inc., PRS Surety Bond Agency, Inc., PRS Captive Investment Fund, Limited, PRS Benefits Services, Inc., PRS Enterprises, Inc. d/b/a PRS Insurance Services, and PRS Management Services, Inc., (collectively "PRS"), and Certified Systems, Inc. ("CSI") (PRS and CSI shall be collectively referred to as the "Parties" or individually as a "Party").

WHEREAS, on October 31, 2000, an involuntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") was filed against PRS Insurance Group, Inc. in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), Case No. 00-04070 (the "Bankruptcy Case");

WHEREAS, on June 5, 2001, the Court entered an order appointing Sean C. Logan as the chapter 11 Trustee for PRS Insurance Group, Inc., and he thereafter commenced voluntary bankruptcy cases for the debtors in possession; and;

WHEREAS, on April 23, 2002 CSI filed a proof of claim in the Bankruptcy Case, which has been assigned proof of claim number 41, asserting a claim against PRS in the amount of $50,000,000.00 ("Claim 41"). Claim 41 was based, in substance, upon the claims alleged by CSI in an action it previously filed in the United States District

-2-

Court for the Northern District of Texas entitled *Certified Systems, Inc. v PRS Insurance Group, Inc, PRS Enterprises, Inc., Credit General Indemnity Company, Reliance National Insurance Company, United Pacific Insurance Company, and Reliance National Risk Specialists, a Division of Reliance Insurance Company*, Civil Action No 300-CV1418-P (the "Texas Lawsuit"). The Texas Lawsuit was dismissed without prejudice by Order of the United Stated District Court for the Northern District of Texas on May 3, 2002;

**WHEREAS,** on April 23, 2002 CSI also filed proofs of claim in the Bankruptcy Case, which have been assigned proof of claim numbers 40, 42, and 43 ("Claim 40," "Claim 42," and "Claim 43," respectively) (collectively, together with Claim 41 and any other proofs of claim that may have been filed by CSI, the "Claims");

**WHEREAS,** on June 6, 2003 PRS filed an adversary proceeding before the Bankruptcy Court entitled *Sean C Logan, Trustee for PRS Insurance Group, Inc and PRS Enterprises, Inc v Certified Systems, Inc.*, Adversary Proceeding No. 003-53768, wherein PRS has asserted various claims seeking equitable relief (the "Adversary Proceeding"). On September 9, 2004, The United States District Court for the District of Delaware issued an Order granting CSI's motion for Withdrawal of the Reference, and ordering that all further proceedings relative to the Adversary Proceeding be conducted in the United States District Court for the District of Delaware, District Court Case No. 04-947(SLR) (collectively with the Adversary Proceeding, the "Delaware Lawsuit");

**WHEREAS,** the Parties now desire to resolve their disputes, including without limitation, those at issue in the Texas Lawsuit, the Delaware Lawsuit and the Claims, on the terms set forth below;

-3-

**NOW THEREFORE**, in consideration of the mutual promises and covenants contained herein and other valuable consideration, and with full consultation with counsel and other advisors as they deem appropriate, the Parties hereto agree as follows:

1.     This Agreement shall not become binding upon CSI and PRS until the first date (the "Effective Date") after which the Agreement shall have been approved by an order of the Bankruptcy Court and such order shall have become final and unappealable with no appeal or stay pending.  PRS shall promptly file a motion seeking approval by the Bankruptcy Court of this Agreement.  In the event that the Court shall deny such motion, this Agreement shall be null and void.

2.     Within ten (10) days after the Effective Date, the Parties shall file a notice of dismissal, with prejudice, of the Delaware Lawsuit and a notice of dismissal, with prejudice, of the Texas Lawsuit.

3     As of the Effective Date, CSI shall have an allowed general unsecured claim against PRS Insurance Group, Inc. in the amount of $18,200,000 00 (the "Allowed Claim") with respect to Claim 41   The remainder of Claim 41 as well as the entirety of the other Claims, including Claim 40, Claim 42 and Claim 43, are disallowed.  The Allowed Claim shall be in full satisfaction of all claims asserted against PRS in the Texas Lawsuit, the Delaware Lawsuit and the Claims as well as all other claims whether now existing or hereafter arising.  CSI  waives its right to seek reconsideration of the Claims or the Allowed Claim under Bankruptcy Code § 502(j)

4.     CSI hereby subordinates $11,600,000 00 of its Allowed Claim to the allowed claims of all other general unsecured creditors who have allowed claims in the PRS bankruptcy cases until such creditors shall have received distributions from PRS

-4-

equal to twenty percent of the allowed amount of their claims. CSI hereby consents to the substantive consolidation of the companies comprising PRS.

5       PRS hereby assigns to CSI any and all claims PRS may have against Executive Risk Indemnity, Inc., insurance policies numbered 401-084762-97 and 401-148399-98 and any renewals or replacements thereof, with respect to matters that were or could have been the subject of the Texas and/or Delaware Lawsuits.

6       PRS hereby disclaims any and all rights it may have in the Irrevocable Standby Letter of Credit number 00325851, issued by Bank One, N.A. on December 6, 2001 or any renewals or replacements thereof.

7.      By execution of this Agreement none of the Parties hereto admit liability as to any of the underlying claims in the Texas Lawsuit, the Delaware Lawsuit or the Claims.

8.      CSI, on its own behalf and on behalf of its current and former parents, subsidiaries, affiliates, officers, directors, employees, agents, predecessors, successors, representatives, and assigns hereby releases, acquits and forever discharges PRS, its current and former parents, subsidiaries (other than Credit General Insurance Company and Credit General Indemnity Company), affiliates, officers, directors, employees, agents, predecessors, successors, representatives, and assigns, for any and all past, present and future claims, whether known or unknown, from any and all claims, debts, demands, actions, causes of action, suits, dues, sums and sums of money, accountings, reckoning, bonds, specialties, indemnities, exonerations, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, extents, executions and liabilities of any kind whatsoever whether or not arising out of or related

-5-

to the Texas Lawsuit, the Delaware Lawsuit and the Claims. The foregoing release shall not discharge CSI's rights under this Agreement

9      PRS, on its own behalf and on behalf of its current and former parents, subsidiaries (other than Credit General Insurance Company and Credit General Indemnity Company), affiliates, officers, directors, employees, agents, predecessors, successors, representatives, and assigns hereby releases, acquits and forever discharges CSI, its current and former parents, subsidiaries, affiliates, officers, directors, employees, agents, predecessors, successors, representatives, and assigns, for any and all past, present and future claims, whether known or unknown, from any and all claims, debts, demands, actions, causes of action, suits, dues, sums and sums of money, accountings, reckoning, bonds, specialties, indemnities, exonerations, covenants, contracts, controversies, agreements, promises, doings, omissions, variances, damages, extents, executions and liabilities of any kind whatsoever whether or not arising out of or related to the Texas Lawsuit, the Delaware Lawsuit and the Claims. The foregoing release shall not discharge PRS's rights under this Agreement.

10.     This Agreement (i) contains the entire understanding of the Parties hereto, (ii) supersedes all prior agreements, and (iii) shall not be amended except by a written instrument hereafter signed by all Parties hereto. No waiver of any provision of this Agreement shall be effective unless evidenced by a written instrument signed by the waiving Party. THE PARTIES FURTHER ACKNOWLEDGE AND AGREE THAT, IN ENTERING INTO THIS AGREEMENT AND THE EXHIBITS HERETO, THEY HAVE NOT IN ANY WAY RELIED UPON ANY ORAL OR WRITTEN AGREEMENTS, STATEMENTS, PROMISES, INFORMATION, ARRANGEMENTS,

-6-

UNDERSTANDINGS, REPRESENTATIONS OR WARRANTIES, EXPRESS OR IMPLIED, NOT SPECIFICALLY SET FORTH IN THIS AGREEMENT OR THE EXHIBITS HERETO.

11    By signing this Agreement, the Parties acknowledge that they have been advised with respect thereto by their respective attorneys, that they have been afforded ample opportunity to review this Agreement, that they have read and understand this Agreement, and they are fully aware of all of their rights and alternatives. In executing this Agreement, the Parties further acknowledge that their decisions and actions are entirely voluntary and free from any mental, physical, or economic duress. The Parties also agree that the terms of this Agreement are fair and reasonable and they make this determination solely upon their independent judgment after consulting with their counsel, and further represent that, in making this determination, they have had an adequate opportunity to discuss and assess their rights. The Parties further agree that the terms of this Agreement shall not be interpreted against any Party hereto due to the fact that said Party or its counsel may have drafted this Agreement.

12.    This Agreement is binding upon and inures to the benefit of the legal representatives, agents, assigns, predecessors and successors in interest of the Parties, except as otherwise stated herein.

13    Each of the Parties represents and warrants to each of the other Parties that they possesses the power and authority to execute, deliver and perform this Agreement, that this Agreement has been duly authorized, executed and delivered, and that this Agreement is enforceable in accordance with its terms.

-7-

14     In the event that any Party commences any legal action, challenge, opposition, appeal or other proceeding contrary to the provisions of this Agreement, or otherwise takes any action which contravenes any of the obligations set forth herein, that Party shall indemnify the other Party from and against any and all claims, demands, causes of action, obligations, damages, and liabilities, including court costs, expert and reasonable attorneys' fees, and other expenses, arising in connection with the prosecution, defense or settlement of such action or proceeding. It is further understood and agreed that a claim for indemnity pursuant to this Agreement shall be deemed to accrue immediately upon the commencement of any legal challenge, opposition, appeal, or other proceeding or upon a Party taking any other action which contravenes any of the obligations set forth in this Agreement, and that this Agreement may be asserted affirmatively or pled as a defense, or asserted by way of counter-claim, cross-claim, or third party complaint, or any other permissible process or pleading

15     In the event that any provision of this Agreement, in whole or in part, shall be determined to be invalid, unenforceable or void for any reason, such determination shall affect only the portion of such provision determined to be invalid, unenforceable, or void and shall not affect in any way the remainder of such provision or any other provision of this Agreement.

16.     This Agreement may be executed in counterparts and it is the intent of the parties that the copy signed by any Party will be fully enforceable against said Party.

17.     This Agreement is to be governed by and interpreted and construed in accordance with the laws of the State of Delaware

-8-

18    The Bankruptcy Court shall have sole and exclusive jurisdiction over any dispute arising out of or related to this Agreement.

19    The Parties agree to execute such other documents as may be reasonably required to carry out the terms and purposes of this Agreement

IN WITNESS WHEREOF, the parties have executed this agreement as a sealed instrument as of the date first above written

-9-

PRS INSURANCE GROUP, INC

By:     Sean C  Logan     Witness:

Its:    Chapter 11 Trustee

Date:   1/21/05


PRS GUARANTY INSURANCE LTD

By:     Sean C. Logan     Witness:

Its:    Chief Executive Officer and Debtor in Possession

Date:   1/21/05


PRS INSURANCE HOLDINGS (BARBADOS) LTD

By:     Sean C. Logan     Witness:

Its:    Chief Executive Officer and Debtor in Possession

Date:   1/21/05

-10-

PRS ENTERPRISE INSURANCE SERVICES, INC

By:    Sean C Logan

Its:    Chief Executive Officer and Debtor in Possession

Date:    1/21/05

Witness:


ENTERPRISE INSURANCE CO LTD

By:    Sean C Logan

Its:    Chief Executive Officer and Debtor in Possession

Date:    1/21/05

Witness:


BROOKWELL INSURANCE CO LTD

By:    Sean C Logan

Its:    Chief Executive Officer and Debtor in Possession

Date:    1/21/05

Witness:

11

PRS MANAGEMENT GROUP, INC

By:    Sean C Logan                    Witness:

Its:    Chief Executive Officer and Debtor in Possession

Date:  1/21/05


PRS SURETY BOND AGENCY INC

By:    Sean C Logan                    Witness:

Its:    Chief Executive Officer and Debtor in Possession

Date:  1/21/05


PRS CAPTIVE INVESTMENT FUND, LIMITED

By:    Sean C Logan                    Witness:

Its:    Chief Executive Officer and Debtor in Possession

Date:  1/21/05

LITDOCS/571077 1

-12-

PRS BENEFITS SERVICES. INC

By:     Sean C. Logan

Its:    Chief Executive Officer and Debtor in Possession

Date:   1/21/05

Witness:


PRS ENTERPRISES, INC d/b/a PRS INSURANCE SERVICES

By:     Sean C Logan

Its:    Chief Executive Officer and Debtor in Possession

Date:   1/21/05

Witness:


PRS MANAGEMENT SERVICES, INC

By:     Sean C. Logan

Its:    Chief Executive Officer and Debtor in Possession

Date:   1/21/05

Witness:


LITDOCS/671077 1

-13-

CERTIFIED SYSTEMS, INC.

*Thomas E. Wilson*                    Witness: *David J. Jott*

By: THOMAS E. WILSON

Its: VICE PRESIDENT OF THE ServiceMaster Company

Date: 1-12-05

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

_____

In re:                                     :

                                           :    Chapter 11

                                           :

PRS INSURANCE GROUP, INC., et al.          :    Case No. 00-4070 (MFW)

                                           :

       Debtors.                            :    (Jointly Administered)

                                           :

_____   :    **Ref No.:** _____

## ORDER APPROVING SETTLEMENT
## WITH CERTIFIED SYSTEMS, INC.

Upon consideration of the Motion (the "Motion") of the Trustee and

Debtor Subsidiaries, Pursuant to Bankruptcy Rule 9019, for Approval of Settlement with

Certified Systems, Inc.; and due and sufficient notice of the Motion having been

provided; and no other notice being necessary or required; and good cause appearing

therefor; it is hereby

ORDERED, that the Settlement Agreement (as defined in the Motion) is

APPROVED; and it is further

ORDERED, that this Court shall retain jurisdiction over any matters

related to or arising from the implementation of this Order.

Dated: Wilmington, Delaware
       February ____, 2005

                                    _____
                                    Mary F. Walrath
                                    Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| PRS INSURANCE GROUP, INC., *et al.*,[1] | : | Case No. 00-4070 MFW |
| | : | |
| Debtors. | : | Jointly Administered |

### AFFIDAVIT OF SERVICE

| | |
|---|---|
| STATE OF DELAWARE | ) |
| | ) SS |
| NEW CASTLE COUNTY | ) |

Thomas J. Hartzell, being duly sworn according to law, deposes and says that he is employed by the law firm of Young Conaway Stargatt & Taylor, LLP, attorneys for the Chapter 11 Trustee and Debtor Subsidiaries in the within captioned matter, and that on the 28th day of January 2005, he caused a copy of the attached pleading to be served, as indicated, on the parties on the attached service list.

Thomas J. Hartzell

SWORN TO AND SUBSCRIBED before me this *28* day of January 2005.

Notary Public

STEFANIE B. HUBLOUE
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires Aug. 3, 2008

---

[1] The affiliated Debtors are PRS Guaranty Insurance Ltd., PRS Insurance Holdings (Barbados) Ltd., PRS Enterprises Insurance Services, Inc., Enterprise Group Insurance Co., Ltd., Brookwell Insurance Co. Ltd., PRS Management Group, Inc., PRS Surety Bond Agency, Inc., PRS Captive Investment Fund, Limited, PRS Benefits Services, Inc., PRS Enterprises, Inc. d/b/a PRS Insurance Services, and PRS Management Services, Inc. (collectively, the "Debtor Subsidiaries").

**2002 SERVICE LIST**
**PRS Insurance Group, Inc.**
**1/28/2005**

A Plus Benefits, Inc
826 E. State Road
American Port, UT 84003
*First Class Mail*

Allstate Life Insurance Company
Attn: Allen C. Dick, Esquire
3075 Sanders Road
Suite G5A
Northbrook, IL 60062
*First Class Mail*

Arnall Golden Gregory LLP
171 17th Street, Suite 2100
Atlanta, GA 30363
*First Class Mail*

Best Group Management Consultants
P.O. Box 41400
Brecksville, OH 44141
*First Class Mail*

William P Bowden, Esq
Christopher S. Sontchi, Esq.
Ashby & Geddes
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE 19801
(Co-counsel for Firstar Bank, N.A.)
*Hand Delivery*

Akin, Gump, Strauss, Hauer, & Field
300 W 6th Street #2100
Austin, TX 78701
*First Class Mail*

Ameritech
Bill Payment Center
Saginaw, MI 48663
*First Class Mail*

AT&T
P.O. Box 78314
Phoenix, AZ 85062
*First Class Mail*

Michael D. Boutell, Esq.
Comerica Bank
500 Woodward Avenue
Detroit, MI 48226-3391
*First Class Mail*

Stuart M. Brown, Esq.
Buchanan Ingersoll Professional Corp.
1201 North Market Street, Suite 1501
Wilmington, DE 19801
(Counsel for Comerica)
*Hand Delivery*

**2002 SERVICE LIST**
**PRS Insurance Group, Inc.**
**1/28/2005**

Kristen J. Brown, Esq.
Squire Sanders & Dempsey, LLP
1300 Huntington Center
41 South High Street
Columbus, OH 43221
(Co-counsel for Firstar Bank, N.A.)
*First Class Mail*

Rene E. Browne, Esq.
Hogan & Hartson, L.L.P.
555 Thirteenth Street, N.W.
Washington, DC 20004
Counsel for Executive Risk Indemnity Inc.
*First Class Mail*

CP Commercial Specialists
P.O. Box 419215
Kansas City, MO 64141
*First Class Mail*

Crawford & Co
P.O. Box 101493
Atlanta, GA 30392
*First Class Mail*

Department of Industrial Relations
Worker's Comp. Revolving Fund
P.O. Box 420394
San Francisco, CA 94142
*First Class Mail*

District Director
Internal Revenue Service
31 Hopkins Plaza- Room 1150
Baltimore, MD 21201
*First Class Mail*

Andrew Ferriera, Esq.
Chancery Chambers, Chancery Lane
Bridgetown, Barbados, West Indies
(International Counsel for the Debtors (Barbados))
*First Class Mail (International)*

Firstar Bank, N.A.
Attn: Mark E. Storer, Senior  V.P
175 S. Third Street
CN-OH-TT4
Columbus, OH 43215
(Petitioner)
*First Class Mail*

Gallagher Bassett Services, Inc
2 Pierce Place
5th Floor
Ithasca, IL 60143
*First Class Mail*

James A. Gordon
Maryland First Financial Services Corp.
1637 Thames St
Baltimore, MD 21231
(Advisor to the Chapter 11 Trustee)
*First Class Mail*

**2002 SERVICE LIST**
**PRS Insurance Group, Inc.**
**1/28/2005**

Grant Thorton LLP
Attn: Regional Controller
60 Broad Street
New York, NY 10004
*First Class Mail*

Dale Hageman
Accord Human Resources, Inc.
210 Park Avenue, #1200
Oklahoma City, OK 73102-4405
*First Class Mail*

Hilb, Rogal & Hamilton Co. of Alab. Ins
2101 6th Avenue N , Suite 1200
Brimingham, AL 35203
*First Class Mail*

Harold S. Horwich, Esq.
William F. Govier, Esq.
Bingham McCutchen LLP
One State Street
Hartford, CT 06103-3178
(Co-counsel for Chapter 11 Trustee)
*First Class Mail*

Peter Koch, Esq.
Gardner Carton & Douglas LLC
191 North Wacker Drive, Suite 3700
Chicago, IL 60606-1698
(Counsel for Diamond Home Services)
*First Class Mail*

Joseph Grey, Esq.
Stevens & Lee
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Co-counsel for the Debtor
*Hand Delivery*

Weldon Darwin Hall
Western Regional
330 N. Wood Road
Suite F
Carnarillo, CA 93010
*First Class Mail*

David J. Horvath, Esq.
7100 E. Pleasant Valley Road, Suite 155
Independence, OH 44131
(Counsel for Best Group Management Consultants)
*First Class Mail*

Andrew Jones, Esq.
Maples & Calder
Ugland House, South Church Street
P.O. Box 309
Grand Cayman, Cayman Islands
(International Counse for the Debtors (Cayman))
*First Class Mail (International)*

Steven K. Kortanek, Esquire
Klehr Harrison Harvey Branzburg & Ellers
919 Market Street, Suite 1000
Wilmington, DE 19801
(Co-counsel for the Ohio Department of Insurance;)
(CGIC)
*Hand Delivery*

**2002 SERVICE LIST**
**PRS Insurance Group, Inc.**
**1/28/2005**

Carl N. Kunz, III, Esq.
Morris, James, Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899
(Co-counsel for Certified Systems, Inc.)
*Hand Delivery*

Robert Lafferty
Insurance Network Service, Inc.
600 Sandtree Drive, Suite 212
Palm Beach Gardens, FL 33403-1500
*First Class Mail*

Robert Lapowsky, Esq.
Stevens & Lee, P.C.
1818 Market Street, 14th Floor
Philadelphia, PA 19103
(Co-counsel for the Debtor)
*First Class Mail*

Stephen D. Lerner, Esq.
Kristen J. Brown, Esq.
Squire Sanders & Dempsey, LLP
312 Walnut Street, Suite 3500
Cincinnati, OH 45202-4026
(Co-counsel for Firstar Bank, N.A.)
*First Class Mail*

David H. Levitt, Esq.
Hinshaw & Culbertson
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
(Co-counsel for Certified Systems)
*First Class Mail*

Sean C. Logan, Esq.
Logan Russack, LLC
2580 Riva Road, Suite 308
Annapolis, MD 21401
(Chapter 11 Trustee)
*First Class Mail*

Carol E. Momjiam, Esq.
Deputy Attorney General
Office of the Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603
*First Class Mail*

Dennis Neyland
American Safety & Risk Services, Inc.
2101 3rd Street
Slidell, LA 70458
*First Class Mail*

OBM Inc
115 West College Drive
Marshall, MN 56258
*First Class Mail*

Odessey Re
RiverStone Management Limited
Attn: Dave Masters
66 Mark Lane
London, EC3R 7HS
(Creditor)
*First Class Mail (International)*

**2002 SERVICE LIST**
**PRS Insurance Group, Inc.**
**1/28/2005**

Office of the United States Trustee
Attn: Margaret Harrison, Esq.
844 N. King Street, Room 2311
Wilmington, DE 19801
*Hand Delivery*

Larry Pratt
Office of the Ohio Attorney General
30 East Broad Street
Columbus, OH 43215-3428
(Co-counsel for the Ohio Department of Insurance)
*First Class Mail*

Jason Richmond
NuCorp, Ltd.
15020 27th Ave N
Plymouth, MN 55447-4815
*First Class Mail*

Stephen G. Schweller, Esq.
Dinsmore & Shohl, LLP
255 East Fifth Street
1900 Chemed Center
Cincinnati, OH 45202
(Co-counsel for the Ohio Department of Insurance;)
(CGIC)
*First Class Mail*

Secretary of Treasury
P.O. Box 7040
Dover, DE 19903
(Government Agency)
*First Class Mail*

Oklahoma Tax Commission
2501 Lincoln Blvd
Oklahoma City, OK 73194
*First Class Mail*

Qwest
Business Services
P O Box 856169
Louisville, KY 40285
*First Class Mail*

Dennis Santoli
Campania
111 Berry Street
South East Vienna, VA 22180
*First Class Mail*

Secretary of State
Franchise Tax
Division of Corporations
P.O. Box 7040
Dover, DE 19903
(Government Agency)
*First Class Mail*

Securities & Exchange Commission
15th & Pennsylvania Avenue, NW
Washington, DC 20020
*First Class Mail*

**2002 SERVICE LIST**
**PRS Insurance Group, Inc.**
**1/28/2005**

Securities & Exchange Commission
Bankruptcy Administration
Atlanta Regional Office Branch/Reorganization
3475 Lenox Rd., NE, Suite 1000
Atlanta, GA 30326-1232
*First Class Mail*

Standard & Poor's Rathing Group
Finance Department
Garden House, 18 Finsbury Circus
London, England EC2M 7NJ
*First Class Mail*

Don Sullivan
Mid-West Safety Group, Inc.
8970 West 35 West Service Drive
Minneapolis, MN 55449
*First Class Mail*

TIG Insurance Company
c/o Riverstone Reinsurance Services, LLC
Attn: Frank DeMaria
250 Commercial Street, 5th Floor
Manchester, NH 03101
*First Class Mail*

US Bancorp
P.O. Box 5179
Sioux Falls, SD 57117
*First Class Mail*

Kenneth F Seminatore, Attorney
Kenneth F Seminatore, Attorney
815 Superior Avenue
Suite 1715
Cleveland, OH 44114
*First Class Mail*

Gary Struder
Labour Finders International
3910 RCA Blvd
Suite 1001
Palm Beach Gardens, FL 33410
*First Class Mail*

Lawrence Tabas, Esq.
Dorothy Claeys, Esq.
Obermeyer Rebmann Maxwell & Hippel
1617 JFK Blvd, One Penn Center, 19th Floor
Philadelphia, PA 19103
(Counsel for Reliance Insurance Company)
*First Class Mail*

Ulmer & Berne, LLP
1300 E. Ninth Street
Suite 900
Cleveland, OH 44114
*First Class Mail*

Jeff Wold
Work Connections, Inc.
979 Arcade Street
St. Paul, MN 55106
*First Class Mail*